IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In Re:<br><br>CLARK TURNER HOMES LLC<br>                        *Debtor*.<br>------------------------------------------------------------<br>JOSEPH J. BELLINGER, CHAPTER 7 TRUSTEE,<br><br>                        *Plaintiff*,<br>v.<br><br>T.C.N CONTRACTING SERVICES, INC. t/a WHITEHALL PLUMBING<br>                        *Defendant* | Chapter 7<br><br>Case No. 15-25761 (DER)<br><br><br><br><br>Adversary No. 17-00443 |

**T.C.N CONTRACTING SERVICES, INC.'s
ANSWER AND AFFIRMATIVE DEFENSES**

T.C.N Contracting Services, Inc t/a Whitehall Plumbing (henceforth "T.C.N Contracting Services, Inc"), (the "Defendant"), by and through undersigned counsel, submits this Answer to the Complaint of Joseph J. Bellinger, (the "Plaintiff"), in his capacity as the Chapter 7 Trustee for Clark Turner Homes LLC (the "Debtor") filed on November 9, 2017 (the "Complaint"), and states and alleges as follows:

**JURISDICTION & VENUE**

1. Paragraph 1 of the Complaint contains statements and remarks to which no response is required. To the extent that a response is required, the Defendant denies that the Plaintiff is entitled to the relief requested.

1

2. In response to paragraph 2 of the Complaint, the Defendant admits. However, the Defendant demands a jury trial but does not consent to a jury trial before the bankruptcy court.

3. In response to paragraph 3 of the Complaint, the Defendant admits.

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 of the Complaint. To the extent that a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## BACKGROUND

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 of the Complaint. To the extent that a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 6 of the Complaint. To the extent that a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint

## FACTS

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 of the Complaint. To the extent that a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## COUNT I
### (Avoidance of Preferential Transfers – 11 U.S.C § 547)

8. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 7 above.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 of the Complaint. To the extent that a response is required Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

10. In response to Paragraph 10, the Defendant denies.

11. In response to Paragraph 11, the Defendant denies.

12. In response to Paragraph 12, the Defendant denies.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 13 of the Complaint. To the extent a response is required, the Defendant denies.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 14 of the Complaint. To the extent a response is required, the Defendant denies.

15. In response to Paragraph 15, the Defendant denies.

## COUNT II
### (For Recovery of Property – 11 U.S.C. § 550)

16. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 15 above.

17. In response to Paragraph 17, the Defendant denies.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 18 of the Complaint. To the extent a response is required, the Defendant denies.

19. In response to Paragraph 19, the Defendant denies.

**WHEREFORE**, based upon the foregoing, the Transfers are not recoverable by the Plaintiff. The Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

20. Without conceding that the Defendant has the burden of proof on any of the issues below, the Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

21. The Plaintiff is barred from recovering the alleged Preference Transfers pursuant to 11 USC 547 (the "Preference Transfers") to the extent that the Preference Transfers were:

    (A) in payment of a debt or debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant;

    (B) made in the ordinary course of business or financial affairs of the Debtor and the Defendant, or

    (C) made according to ordinary business terms.

22. Pursuant to 11 U.S.C. 547(c)(2) such Preference Transfers are not avoidable by the Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

23. The Plaintiff is barred from recovering the Preference Transfers to the extent that the Transfers were:

    (A) intended by the Debtor and the Defendant to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

    (B) in fact a substantially contemporaneous exchange.

24. Pursuant to 11 U.S.C. 547 (c)(1) such Transfers are not avoidable by the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

25. The Plaintiff is barred from recovering the alleged Preference Transfers to the

extent that such Preference Transfers were to or for the benefit of the Defendant, to the extent that, after such transfer, the Defendant gave new value to or for the benefit of the Debtor.

    (A) not secured by an otherwise unavoidable security interest; and

    (B) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

26. Pursuant to 11 U.S.C. 547 (c)(4) such Transfers are not avoidable by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

27. The Plaintiff is barred from recovering the alleged Preference Transfers because at all times relevant to the matters in the Complaint, the Debtor and all subsidiaries were solvent. Consequently, the Defendant's claims may not be disallowed.

### FIFTH AFFIRMATIVE DEFENSE

28. The Plaintiff is barred from recovering the alleged Preference Transfers in whole or in part, by the doctrine of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

29. The Plaintiff is barred from recovering the alleged Preference Transfers by the doctrine of laches, and consequently, the Defendant's claims may not be disallowed.

### SEVENTH AFFIRMATIVE DEFENSE

30. The Defendant denies these allegations to the extent that the Defendant has a conduit defense.

### EIGHTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

32. The claims of the Plaintiff are barred, in whole or in part, pursuant to 11 U.S.C. §550(b) by reason that Defendant, to the extent it took any Transfer, took the alleged Transfer for value, in good faith and without knowledge of the avoidability of the alleged transfer.

### TENTH AFFIRMATIVE DEFENSE

33. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend their answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiffs may have in connection with the claims asserted in the Complaint.

**JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.**

Dated: December 19, 2017

**Respectfully submitted,**

**Drescher & Associates, P.A**
By: */s/ Ronald J. Drescher*
Ronald J. Drescher
4 Reservoir Circle, Suite 107
Baltimore, MD 21208
Tel: (410) 484-9000
Fax (410) 484-8120
email: Rondrescher@Drescherlaw.com


**JONES & ASSOCIATES**
By: */s/ Roland Gary Jones*
Roland Gary Jones , Esq.
New York Bar No. RGJ-6902

One Rockefeller Center 10th Floor
New York, NY 10020
Tel. (646) 964-6461
Fax (212) 202-4416
Email: rgj@rolandjones.com

*Counsels for the Defendant*

To:

James M. Hoffman
Offit Kurman, P.A.
4800 Montgomery Lane
9th Floor
Bethesda, MD 20814
(240) 507-1700
Fax : (240) 507-1735
Email: jhoffman@offitkurman.com

*Counsel for the Plaintiff*